1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,              1:23-cr-00033-ADA-BAM
12              Plaintiff,                   ORDER GRANTING DEFENDANT'S MOTION
                                            TO REVOKE ORDER OF DETENTION
13        v.
                                            (ECF No. 63)
14   DAVID RAMIREZ, JR.,
15              Defendant.
16

17          Before this Court is Defendant David Ramirez Jr.'s motion to revoke the Magistrate Judge's

18   Order of Detention. (ECF No. 63.) The Court held a hearing on the motion on May 30, 2023.

19   Attorney Serita Rios appeared on behalf of the Defendant. Assistant U.S. Attorney Antonio Pataca

20   appeared for the Government. Pretrial Services also appeared. Having considered parties' briefings

21   and arguments at trial, and for the reasons stated below, the Court grants Defendant's motion.

22          **I.      Factual and Procedural Background**

23          On February 18, 2023, Defendant David Ramirez, Jr. ("Defendant") was charged by

24   indictment with one count of violation under 21 U.S.C. §846, 841(a)(1), Conspiracy to Distribute

25   and to Possess with Intent to Distribute Methamphetamine, Heroin, Cocaine, and Marijuana; and

26   one count of violation under 18 U.S.C. §371, Conspiracy. (ECF No. 1.) The indictment alleges that

27   Defendant was involved with several others in a conspiracy to use drones to distribute drugs and

28   other contraband into several California state prisons. (*Id.*) On April 5, 2023, Defendant appeared

before United States Magistrate Judge Boone for his initial appearance. (ECF No. 27.) The Magistrate Judge ordered Defendant temporarily detained scheduling a detention hearing for April 12, 2023. (*Id.*) On April 12, 2023, Magistrate Judge Boone held a detention hearing wherein Judge Boone found that Defendant posed a flight risk and danger to the community and ordered Defendant detained. (ECF Nos. 38; 66 at 14.) At the hearing, the Government supported Defendant's detention. (ECF No. 38.) Pretrial Services recommended that Defendant be placed on pretrial services supervision with specific conditions and filed a report stating that release conditions could be fashioned to ensure Defendant's appearance at future court hearings and the safety of the community. (ECF No. 66 at 2.)

On May 1, 2023, Defendant filed the instant Motion to Revoke the Magistrate Judge's Order of Detention. (ECF No. 63.) The Government filed its opposition on May 11, 2023. (ECF No. 67.) On May 19, 2023, Defendant filed a reply. (ECF No. 68.)

**II.    Discussion**

**A.  Standard of Review**

A defendant may file a motion to revoke a magistrate judge order of detention or to amend the conditions of release issued by a magistrate judge with the court of original jurisdiction (in this case, the District Court) and that motion "shall be determined promptly." 18 U.S.C. § 3145(b) and 18 U.S.C. § 3145(a)(2). The Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Review of such order shall be *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). A district court's *de novo* review in this context means:

> [i]t should review the evidence before the magistrate and make its own independent determination of whether the magistrate's findings are correct, with no deference ... [t]he point is that the district court is to make its own "de novo" determination of facts, whether different from or an adoption of the findings of the magistrate ... the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion.

> *Id*. at 1193.

2

When a court "finds that no condition or combination of conditions will reasonably assure [ ] the safety of any other person and the community" it must order the defendant detained before trial. 18 U.S.C. § 3142(e)(1). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Still, there is a rebuttable presumption against release if the court finds the defendant was convicted of a state offense involving possession or use of a firearm that would have qualified as a federal crime had jurisdiction existed. 18 U.S.C. §§ 3142(e)(2)(A) and 3142(f)(1)(E). However, "the government may not rest solely on the rebuttable presumption to support its motion to detain a defendant pending trial." *United States v. Moore*, 607 F. Supp. 489, 498 (N.D. Cal. 1985). While the defendant has the burden of production of information tending to show he will not pose a danger to the community or a flight risk, the government retains the burden of persuasion. *U.S. v. Clark*, 791 F.Supp 259, 260 (E.D. Cal 1992); *Moore*, 607 F. Supp at 499; *see also U.S. v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985), *rehearing denied* 788 F.2d 1570; *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990); *U.S. v. Matir,* 782 F.2d 1141 (2nd Cir. 1986). "Defendant must produce only 'some evidence' that he is not a flight risk and does not pose a danger to the community in order to rebut the presumption." *U.S. v. Clark*, 791 F.Supp 259, 260 (E.D. Cal 1992) (quoting *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

In addition, a defendant's release is not unqualified – the court may impose conditions of release that are the least restrictive necessary to ensure public safety and the defendant's appearance. 18 U.S.C. 3142(c)(1)(B). Title 18 U.S.C. § 3142(g) identifies the various factors a court considers in determining whether conditions of release can be fashioned to reasonably assure the appearance of the person and the safety of others and the community. Specifically, the court must account for available information concerning the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature of seriousness of the danger to any person in the community that would be posed by the person's release. 18 U.S.C. § 3142(g). The history and characteristics of the person comprise the following attributes: character, physical and mental condition, family ties, employment, financial resources,

length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, probation or parole status, and status of any pending criminal charge, sentencing or appeal. *Id.* The weight of the evidence against the person is the least important of factors, though still relevant. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

**B. The 3142(g) Factors Counsel Against Detention**

Defendant asks that this Court revoke Defendant's Order of Detention and order his release on pretrial services supervision with the conditions recommended by Pretrial Services at Defendant's detention hearing. (ECF No. 63 at 5.) Defendant's charges under 21 U.S.C. §§846, 841(a)(1) carry a mandatory minimum ten-year sentence and a maximum of up to life. 21 U.S.C. § 841(b)(1). Accordingly, it triggers a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the Defendant's appearance or the safety of the community. 18 U.S.C. §3142(e)(3)(A). Under this framework, the Court considers the 18 U.S.C. §3142(g) factors and finds that Defendant has produced sufficient evidence to rebut the presumption against release. In addition, the Court finds that the Government has not met is burden of persuasion to show by a preponderance of evidence that Defendant is a flight risk, and by clear and convincing evidence that Defendant is a danger to the community.

First, the Court considers the nature and circumstances of the charged offenses. Defendant concedes that they are serious. (ECF No. 68 at 6-7.) Other courts have found charges of drug trafficking to indicate that the alleged offender is a danger to the community. *See e.g. United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) ("[I]t is clear that the harm to society caused by narcotics trafficking is encompassed by Congress' definition of 'danger.'"); *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985) ("The statutory language, as well as the legislative history, unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community"); *United States v. Boorman*, 130 F. Supp. 2d 394, 400 (W.D.N.Y. 2001) (finding that where it appears that a substantial part of defendant's livelihood was dependent on drug trafficking, it was likely that "defendant would return to drug trafficking if released"); *United States v. Trammel*, 922 F. Supp. 527, 532 (N.D. Okla. 1995) (stating that defendant's ties to the community were not sufficient to

overcome the danger that defendant presents to the community in light of "strong evidence" that defendant recently engaged in serious drug trafficking offense and threatened confidential informant). Hence, this factor counsels against release.

The Court next considers the weight of the evidence of against Defendant. The allegations against Defendant allege that Defendant participated in a conspiracy to traffic an estimated 5.61 pounds of heroin,1.57 pounds of methamphetamine, and 32 cellular phones into state prison, with a total value of $795,600. (ECF No. 1 at 6.) In addition, the indictment alleges that Defendant that sought to evade law enforcement through using unregistered drones and, on multiple occasions, through planning drone drops in the evening or at night when it was dark. (ECF No. 1 at 5.) However, the Court gives this evidence the least weight of all the factors it must consider under Section 3142(g) as required under the case law, and for the following reasons specific to this case. As the Defendant pointed out, the defense is still reviewing discovery it recently received from the Government and is unable to dispute the factual allegations the Government proffered. (ECF No. 68 at 7.) In addition, while Defendant is alleged to have participated in a conspiracy to distribute controlled substances that involved large quantities of contraband, there is no evidence presented that shows that the Defendant himself possessed weapons or large amounts of controlled substances. Further, as stated by Pretrial Services, conditions may be tailored to restrict Defendant's access to controlled substances and contraband.

Next, the Court considers the Defendant's history and characteristics. First, Defendant has strong ties to the Eastern District. Defendant was born and raised in the Eastern District and has lived in the district his entire adult life. (ECF No. 67-1 at 11.) He has maintained employment in the Eastern District, and his immediate family, including his parents, siblings, girlfriend, and stepdaughter, all reside in the Eastern District. (ECF No. 67-1 at 11.)

In addition, Defendant has strong family ties that provide assurance that Defendant will appear at future court hearings. (ECF No. 67-1 at 11.) At Defendant's detention hearing, his sister was willing to provide $4000 from her 401(k). (ECF No. 67-1 at 9). Since then, Defendant's family has raised another $2000 to support his bond. (ECF Nos. 68-1 at 2; 68-2 at 1.) In addition, though Defendant's father is unwilling to use his house as collateral for a bond for Defendant, he is still

willing to serve as a third party-custodian and provide a residence for Defendant while he is on pretrial release. (ECF No. 67-1 at 12.) As a third-party custodian, Defendant's father will be obligated to notify the Court and Pretrial Services should Defendant breach any condition of his release. Defendant's father and sister also submitted affidavits as exhibits to the instant motion to reiterate their support. (ECF Nos. 68-1; 68-2.) Further, Defendant has maintained steady employment. Prior to his detention, Defendant worked at SEFNCO Communications and had been recently promoted. (ECF No. 67-1 at 11.) Accordingly, Defendant has presented evidence to rebut the presumption against release, and Defendant's family ties and employment history counsel toward release.

Though it is concerning that Defendant is associated with at least one known gang member – his cousin and co-defendant, -- with whom the indictment alleges Defendant communicated while perpetrating the offense, Defendant's strong family ties to, and the support of, his immediate family indicate that Defendant will have support to follow Pretrial's recommendation that Defendant have no-contact with other co-defendants while on pretrial release. This provides assurance the Defendant will not be danger because of his association with gang members. The Government further argues that the prior criminal convictions of Defendant's cousin and another co-defendant suggest that Defendant will pose a danger to the community. (ECF No. 67-1 at 7.) However, the associations and prior criminal convictions of these co-defendants cannot be imputed upon Defendant. Further, as discussed in greater detail below, Defendant's criminal history is minimal, and Pretrial's recommendation includes a no-contact order with co-defendants. (ECF No. 67-1 at 12). Hence, Defendant's familial relationship with a gang member does not counsel against release.

Next, the Court considers Defendant's criminal history. While Defendant has a criminal history, his criminal history is minimal and does not indicate that Defendant is a flight risk or a danger to the community. Both of his prior convictions are for misdemeanor offenses. (ECF No. 67-1 at 11.) His most recent conviction, for misdemeanor public intoxication, occurred eight years ago. (*Id.*) The first, for misdemeanor battery, occurred when Defendant was still in high school, 16 years ago. (*Id.*) Defendant has no history of bench warrants for nonappearance in court. (*Id.*) In addition, although the pretrial services report noted recent substance use, Defendant has expressed

1  a willingness to refrain from using controlled substances and to participate in substance abuse
2  treatment and counseling. (ECF No. 67-1 at 11.)

3      Finally, the Government argues that Defendant is a risk of danger because he used
4  substances and participated in the alleged activity underlying the criminal indictment in the present
5  case while employed and living with his girlfriend. (ECF No. 67 at 7.) However, this argument
6  does not immediately disfavor release. There is no indication that conditions cannot be tailored to
7  assure appearance at future court proceedings and the safety of the community. Pretrial Services
8  has recommended that Defendant live at his parents' home, instead of with his girlfriend, maintain
9  no contact with co-defendants, remain on home detention, and participate in location monitoring.
10  (ECF No. 67-1 at 12, 14.) In addition, as noted above, Defendant has expressed a willingness to
11  participate in substance abuse treatment.

12      Considering the above analysis, the Court finds that Defendant has successfully rebutted
13  the presumption against release and that the 18 U.S.C. §3142(g) factors counsel toward Defendant's
14  release. The Court orders the release of Defendant from detention subject to a $6,000 bond and his
15  placement on pretrial release under to the conditions recommended by Pretrial Services.

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**III.     Conclusion**

Accordingly,

1. Defendant's Motion to Revoke the Magistrate Judge's Order of Detention (ECF No. 63)
   is granted;

2. Defendant is ordered released under a $6,000 cash bond, and under all the conditions
   recommended by Pretrial Services in the Supplemental Pretrial Services Report
   submitted on April 12, 2023.


IT IS SO ORDERED.

Dated:    May 31, 2023    _____
                                              UNITED STATES DISTRICT JUDGE